IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAMON E. GOODRICH,

      Plaintiff,

v.

                                                                                    Case No. 14-3124-JTM

CORRECTIONS CORPORATION
OF AMERICA,

      Defendant.

**MEMORANDUM AND ORDER OF DISMISSAL**

This matter comes before the court on plaintiff Damon E. Goodrich's response (Dkt. 13) to the order (Dkt. 12) that gave him time to show good cause why this action should not be dismissed for failure to properly exhaust administrative remedies.[1] Although the response is five days late, the court will accept and consider it. For the reasons stated below, the court proceeds with dismissal of this *pro se* civil rights action.

Goodrich, an inmate at the Federal Prison Camp in Yankton, South Dakota, filed this action for events that allegedly occurred from April 1 through September 5, 2012, while he was confined at the Leavenworth Detention Center ("LDC") in Kansas. He alleged, among other things, that he "suffered violent illnesses caused by the unsanitary food preparation, as well as [being served] undercooked and/or raw meat" on numerous occasions. Dkt 1 at 4. The court issued the order to show cause after Goodrich submitted exhibits of his grievance history in response (Dkt. 11) to the defendant's Answer (Dkt. 8). After examining Goodrich's grievances and informal resolutions ("IRs"), the court noted the following deficiencies:

---

[1] The court set forth the standard for exhaustion in the order to show cause and will not repeat it here.

1) his IRs and grievances did not claim that he became seriously ill from eating undercooked meat or that he personally suffered malnutrition or any similar medical condition or injury (Dkt. 12 at 6-7);
2) Goodrich failed to grieve that he had personally witnessed or been injured by the alleged unsanitary food preparation conditions (*Id.* at 7);
3) Goodrich alleged insufficient facts to show that the administrative process was either unavailable or ineffective (*Id.* at 8); and
4) Goodrich did not file IRs and grievances that raised the same claims as those alleged in the complaint. *Id.* at 9.

Goodrich previously attempted to excuse his failure to exhaust by claiming that had he sought medical attention when he was seriously ill, his discomfort would have only increased by the wait at the clinic. The court rejected this excuse as it failed to show that administrative remedies were either unavailable or ineffective. *Id.* at 8.

Goodrich now argues that he was unable to exhaust his administrative remedies because:

1) prison staff withheld or never returned many of his grievances, which prevented him from proceeding to the next step in the administrative process;
2) prison staff deliberately manipulated the result for IR 2012-701-00953-G by returning it to Goodrich for a signature (when in fact he had signed it), which delayed its submission and resulted in its rejection as untimely;
3) his placement at LDC was temporary, thus he could not complete the process;
4) he is not a lawyer and did not know the rules;
5) prison staff placed him in segregation as a tactic to either stop him from filing grievances or stall his grievance; and
6) prison staff routinely altered the dates on their responses to compromise his ability to reply.

Dkt. 13 at 1-2. He also argues the seriousness of his claims against defendant should excuse his failure to exhaust. *Id.* The court finds these arguments unavailing. First, the grievance record shows Goodrich's grievances were processed and that prison officials responded to his grievances before he transferred out of LDC. Second, layman status does not excuse a failure to exhaust. Finally, even if prison staff obstructed the grievance process, Goodrich's arguments do not address the deficiencies as to the content of the IRs and grievances (deficiency numbers 1, 2, and 4 listed above). Thus, Goodrich has failed to show good cause for the failure to exhaust.

**IT IS THEREFORE ORDERED** that this action is DISMISSED.

**IT IS SO ORDERED** this 15th day of July 2016.

s/ J. Thomas Marten  
J. THOMAS MARTEN, Judge